# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:07CV90-1-V
## 5:03CR4-20-V

| | |
|---|---|
| PHILLIP TYRONE MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed August 3, 2007; Respondent's Motion for Summary Judgment (Doc. Nos. 10 and 11), filed December 4, 2007; and Petitioner's Traverse to Respondent's Motion for Summary Judgment (Doc. No. 16), filed January 7, 2008.

For the reasons set forth below, and in Respondent's Motion for Summary Judgment, Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is dismissed.

## PROCEDURAL HISTORY

Petitioner was named in a Superceding Indictment on January 30, 2004. (Crim. Case No. 5:03cr4: Doc. No. 283.) A Third Superseding Bill of Indictment was filed on April 26, 2004, and a Fourth Superceding Bill of Indictment was filed by the Government on June 29, 2004. (Crim. Case No. 5:03cr4: Doc. No. 283, 323, 340.) The Fourth Superseding Bill of Indictment was the ultimate charging instrument upon which Petitioner, and co-defendants Roderick

Williams ("Williams") and Leobardo Martinez ("Martinez"), were tried. The Fourth Superseding Bill of Indictment charged Petitioner in Counts One, Six and Seven for conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (Count One), possession with the intent to distribute 500 or more grams of cocaine (Count Six), and for during and in relation to a drug trafficking crime using and carrying a firearm and in furtherance of a drug trafficking crime possessing a firearm (Count Seven) all in violation of 21 U.S.C. § 846, 21 U.S.C. § 841 and 18 U.S.C. § 2, and 18 U.S.C. § 924 (c) (1) and 18 U.S.C. § 2.

On June 3, 2004, the Government filed its Second Supplemental Rule 404(b) Notice informing Petitioner that the Government intended to offer evidence of episodes involving his possession with intent to distribute controlled substances on or about July 14, 1993, and July 17, 1993, as evidence of Petitioner's knowledge, intent, or absence of mistake. (Crim. Case No. 5:03cr4: Doc. No. 329.) On July 7, 2004, the Government filed an § 851 Notice informing the Petitioner of its intent to seek enhanced penalties based upon two prior felony drug convictions. (Crim. Case No. 5:03cr4: Doc. No. 346.) Trial commenced that same day. At the close of the Government's case, Petitioner moved to dismiss all three charges against him and the Court denied the motion. (Crim. Case No. 5:03cr4: 7/20/2004 Tr. Trans. at 2349.) On July 22, 2004, the jury returned a verdict of guilty for conspiracy to possess with intent to distribute cocaine and cocaine base; for possession with intent to distribute cocaine base and aiding and abetting same; and for using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting same. (Crim. Case No. 5:03cr4: Doc. No. 365.) On January 10, 2005, this Court sentenced Petitioner to life imprisonment on the drug conspiracy and possession charges and to a consecutive sixty month term of imprisonment on the firearm charge. (Crim. Case No.

5:03cr4: Doc. No. 477.) Judgment was entered on February 3, 2005. (Crim. Case No. 5:03cr4: Doc. No. 477.)

Petitioner timely filed a Notice of Appeal. (Crim. Case No. 5:03cr4: Doc. No. 480.) On appeal, Petitioner challenged the admissibility of two pieces of evidence under Rule 404(b). In addition, Petitioner argued that the enhancement of his sentence using a prior conviction that was committed during the course of the conspiracy violated both 21 U.S.C. § 841 and his rights guaranteed by the Double Jeopardy Clause. (Crim. Case No. 5:03cr4: Doc. No. 703.) On July 19, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Martinez, 190 Fed. App'x 321 (4th Cir. 2006). On August 13, 2007, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1.)

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. Standard of Review

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Moreover in analyzing counsel's

3

performance a court should be mindful that "effective representation is not synonymous with errorless representation," Springer v. Collins, 586 F.2d 39, 332 (4th Cir. 1978), and that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." Delaware v. Van Ardsall, 475 U.S. 673, 681 (1986). A petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If a petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

### B. Career Offender Designation

Petitioner alleges that his counsel was ineffective for failing to challenge his designation as a career offender because his prior state court convictions are invalid.[1]

Petitioner never specifies precisely why his state court convictions were invalid. The Fourth Circuit has made it clear that "[u]nsupported conclusory allegations do not entitle habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Rather, a petitioner must come forward with some evidence that the claim asserted might have merit. Id. Because Petitioner has failed to provide any factual basis beyond his conclusory assertion, he has failed to establish that his counsel's performance was deficient or that he was prejudiced and this claim is dismissed.

Moreover, the Court notes that Petitioner was not sentenced as a career offender.

---

[1] To the extent Petitioner intended to raise this as a free standing erroneous career offender claim, such claim would be procedurally defaulted as he did not raise this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Cause and prejudice may excuse such default. To the extent Petitioner asserts ineffective assistance of counsel as cause to excuse his procedural default the analysis would fail for the reasons set forth in this section.

Petitioner's sentence was, however, enhanced, based upon his two prior felony drug convictions. See 21 U.S.C. § 841(b)(1)(A). However, because the two prior felony drug convictions used to enhance his sentence occurred more than five years prior to the date of the Information alleging such prior convictions, § 851's limitation period he was precluded from challenging them at sentencing. 21 U.S.C. § 851(e)(a defendant may not "challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior convictions.") As such his counsel was not ineffective for failing to challenge these convictions and Petitioner was not prejudiced by his failure to do so.

Finally, the Court notes that to the extent Petitioner intended to argue that his counsel should have challenged his sentence enhancement on Double Jeopardy grounds his claim fails because, at a minimum, he cannot establish prejudice. That is, because he raised this substantive claim on direct appeal and the Fourth Circuit concluded the claim had no merit, he cannot establish he was prejudiced. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Consequently, this claim is dismissed on that basis as well.

**C. Severance**

Petitioner also alleges that his counsel was ineffective for failing to file a motion to sever Petitioner's trial from his co-defendants' trial. Petitioner asserts that his counsel knew that Petitioner and his co-defendants would present antagonistic defenses.

Rule 8(b) of the Federal Rules of Criminal Procedure sets forth that "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

Assuming proper joinder in an indictment, it is well-settled that "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). This presumption is particularly strong in conspiracy cases. United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007). Severance is only required under Rule 14 when a serious risk exists that a joint trail would compromise a specific trial right of one of the defendants, or would prevent the jury from making a reliable judgment about guilt or innocence. Zafiro v. United States, 506 U.S. 534, 537-38 (1993). Speculative allegations are insufficient to require severance. United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002). Moreover, the presence of conflicting or antagonistic defenses, standing alone, is insufficient to require severance. See Zafiro, 506 U.S. at 538; Najjar, 300 F.3d at 474; United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986).

Petitioner and his co-defendant were indicted together and therefore a strong presumption existed that they should be tried together. Petitioner's general claim that his counsel was ineffective for failing to move to sever Petitioner's criminal case from his co-defendant's case due to alleged, but unspecified, antagonistic defenses is simply insufficient to state a claim of ineffective assistance of counsel. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

**D. Government Misconduct**

Petitioner also alleges that his counsel was ineffective for failing to challenge the

Government's misconduct.[2]  First, Petitioner asserts that his counsel was ineffective for failing to "challenge the government's misconduct in abusing the grand jury proceedings."  More specifically, Petitioner alleges that the Government sought a Fourth Superceding Indictment in order to avoid the speedy trial implications of failing to do so, where the Government sought the Fourth Superceding Indictment 66 days after the Third Superceding Indictment.

Petitioner's claim fails because, at a minimum, he cannot establish that he was prejudiced.  That is, Petitioner cannot establish that a challenge on this basis would have been successful because, even without the Fourth Superceding Indictment, no speedy trial violation occurred.

The Speedy Trial Act governs the time allowed between indictment and trial.  18 U.S.C. § 3161.  More specifically, the Speedy Trial Act provides that, subject to specific delays which are excluded, a defendant must be tried within seventy days of being indicted.  The Third Superceding Indictment was filed April 26, 2004.  Consequently, the speedy trial clock started to run on April 27, 2004.  See United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996)(the event that triggers the speedy trial clock is not included in the calculation).  Without taking into account the Fourth Superceding Indictment, the clock ran for approximately 37 days until June 2, 2004, when Petitioner's co-defendant, Roderick Williams, filed a Motion to Suppress.  See United States v. Jarrell, 147 F.3d 315, 319 (4th Cir. 1998)(in a case involving several defendants

---

[2]  Again, to the extent Petitioner intended to raise free standing claims of prosecutorial misconduct such claims would be procedurally defaulted as he did not raise them on appeal. Claims that could have been, but were not, raised on direct review are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).  Cause and prejudice may excuse such default.  To the extent Petitioner asserts ineffective assistance of counsel as cause to excuse his procedural default the analysis would fail for the reasons set forth in this section.

time excludable for one defendant is excludable for all defendants); 18 U.S.C. § 3161(h)(1)(F)(all the time between the filing of any pretrial motion and "conclusion of the hearing on, or other prompt disposition of, such motion" is excludable). The clock began to run again on July 6, 2004, when at the conclusion of a hearing, the Court denied Petitioner's co-defendant's motion to suppress. Petitioner's trial began the next day. At the commencement of trial approximately thirty-two days remained on Petitioner's speedy trial clock. Consequently, Petitioner's counsel was not ineffective for failing to raise a speedy trial challenge and this claim is dismissed.

Second, Petitioner alleges that his counsel was ineffective for failing to challenge the prosecutor's intentional alteration of the Indictment after receipt from the Grand Jury but prior to filing it. Petitioner provides no support for his contention that the prosecutor "willfully and maliciously and intentionally altered the charging instrument to reflect that Andy Garcia was not charged in . . . Count Five." Indeed, Petitioner provides no specific facts to support his conclusory assertion that the prosecutor unlawfully altered the Indictment in his case. Petitioner's conclusory claim fails to establish that his counsel's performance was deficient or that he was prejudiced. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

Third, Petitioner alleges that his counsel was ineffective for failing to challenge the prosecution's use of invalid superceding indictments. In support of this claim Petitioner asserts that there is nothing in the record to indicate that the grand jury even met on the dates the superceding indictments were issued. Docket sheets do not reflect Grand Jury dates.

Petitioner's allegations fails to establish that his counsel's performance was deficient or that Petitioner was prejudiced.

Fourth, Petitioner alleges that his counsel was ineffective for failing to challenge the prosecution's use of the false testimony of Andy Garcia,[3] Tanesha Turner, and Freddie Blackmon. Petitioner provides no specific evidence to establish that these witnesses testimony was false. Moreover, Petitioner provides no facts to support a conclusion that the prosecution knew these witnesses' testimony was allegedly false. Petitioner has failed to establish that his counsel's performance was deficient or that he was prejudiced.

### E. DNA and Fingerprint Evidence

Petitioner also alleges that his trial and appellate counsel were ineffective for failing to "assert and use key evidence" including DNA and fingerprint evidence to establish Petitioner's innocence. Petitioner does not elaborate on this claim.

A review of the trial transcript reveals that DNA from the crime scene was introduced at trial which showed that blood from the narcotics robbery crime scene did not match Petitioner but did match his co-defendant. Petitioner does not explain what precise evidence should have been introduced. Plaintiff's conclusory allegations are insufficient to state a claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

---

[3] The Court notes that Jorge Ortiz-Rojas is also known as "Andy Garcia" and as most witnesses refer to this individual as Andy Garcia this Court will do so as well. (5:03cr4: 7/19/2004 Tr. Trans. 2138.)

### F. Hearsay Arguments on Appeal

Petitioner also alleges that his appellate counsel was ineffective for failing to argue on appeal that the district court erred in admitting the hearsay testimony of Malik Mohammed, Officer David Lizt, and Tanesha Michelle Turner. In support of his conclusory claim, Petitioner attaches a few pages of testimony from each of these three witnesses. Petitioner does not even attempt to specifically explain why this Court's evidentiary rulings were incorrect. Nor does Petitioner articulate how he was specifically prejudiced by his appellate counsel's decision not to raise this issue.

The appellate standard of review of evidentiary decisions is deferential and to prevail an appellant must establish that the district court acted arbitrarily and capriciously in admitting the challenged testimony. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994)(recognizing that the Fourth Circuit would find "discretion to have been abused only when the district court acted 'arbitrarily and irrationally.'") Petitioner has not established that this Court acted arbitrarily or capriciously.

Moreover, even if this Court had erred, the error would be harmless as long as there was sufficient other evidence of Petitioner's guilt that the Fourth Circuit could conclude with "fair assurance" that the error did not substantially affect the jury's verdict. See United States v. Johnson, No. 08-5098, 2010 WL 3307360, at * 4 (2010). Testimony at Petitioner's trial established his guilt as to all three counts. Witnesses testified that Petitioner made trips with other members of the conspiracy to New York to purchase cocaine to resell in the Statesville area. (Crim. Case. No. 5:03cr4: 7/16/2004 Tr. Trans. at 1673.) Testimony also established that Petitioner, in conjunction with others sold cocaine and cocaine base in Statesville during the time period of the conspiracy. (Crim. Case. No. 5:03cr4: 7/16/2004 Tr. Trans. at 1686-87, 1688;

7/15/2004 Tr. Trans. at 1356-60; 1362, 1441-46; 7/19/2004 Tr. Trans. at 2146-48.) Garcia testified that on July 25, 2002, Petitioner and Williams robbed him at gunpoint of the cocaine he was going to sell them. (Crim. Case. No. 5:03cr4: 7/19/2004 Tr. Trans. at 2160-73.) Finally, at least three witnesses testified that Petitioner carried a gun in connection with drug trafficking. (Crim. Case. No. 5:03cr4: 7/15/2004 Tr. Trans. at 1360-61 and 7/16/2004 Tr. Trans. at 1687-88; 7/19/2004 Tr. Trans. at 2151.)

**G. Failure to Challenge Crack Cocaine Ratio**

Petitioner also alleges that his counsel was ineffective for failing to challenge the increased penalties imposed for crack cocaine. Petitioner argues that Ninth Circuit precedent, United States v. Hollis, 490 F.3d 1149 (9th Cir. 2007), requires that "crack," as opposed to cocaine base, be charged and found by the jury in order for a defendant to receive an enhanced penalty under § 841(b). Petitioner also requests the right to preserve the right to argue the then soon to be issued crack cocaine guideline amendment.[4]

Petitioner's argument fails to establish either deficient performance or prejudice. The Ninth Circuit case relied upon by Petitioner does not carry precedential weight in this Circuit and was issued after the conclusion of Petitioner's direct appeal. As such, Petitioner's appellate counsel was not ineffective for failing to argue non-binding precedent that had not yet been issued. Moreover, the Fourth Circuit has rejected the claim set forth by Petitioner. See United States v. Ramos, 462 F.3d 329, 333-34 (4th Cir. 2006)(holding that statute punishing trafficking in "cocaine base" regulates possession of any form of cocaine base). As Petitioner's Indictment

---

[4] Since Petitioner filed his Motion to Vacate, it has been determined that Amendment 706 (the Retroactive Crack Cocaine Amendment) had no impact on Petitioner's sentence. (Crim. Case. No. 5:03cr4: Doc. No. 827.)

11

charged, and the jury specifically found, that the conspiracy involved cocaine base, Petitioner properly received an enhanced penalty on that basis.[5] (Crim. Case No. 5:03cr4: Doc. No. 365.) As such, Petitioner suffered no prejudice as a result of his counsel's failure to argue against this issue.

### H. Aiding and Abetting Statute

Petitioner also alleges that his counsel was ineffective for failing to challenge the constitutionality of the aiding and abetting statute – 18 U.S.C. § 2. More specifically, Petitioner asserts that his counsel should have challenged the constitutionality of the aiding and abetting statute on the basis that this statute does not set out a specific penalty.

Petitioner provides no law to support his contention that this statute is unconstitutional. Indeed, this statute necessarily does not contain a penalty provision because it must be read in conjunction with the underlying crime. Petitioner's counsel was not deficient for failing to challenge this statute and Petitioner has not established that he was prejudiced.

## II. ACTUAL INNOCENCE/INSUFFICIENCY OF THE EVIDENCE

Petitioner asserts that he is actually innocent of his drug conspiracy conviction, drug possession with intent to distribute conviction, and using and carrying a gun during and in relation to a drug trafficking crime conviction. In support of his contention Petitioner asserts that the government presented insufficient evidence at his trial to support a finding that Petitioner was involved in a drug conspiracy. In addition, Petitioner argues that the evidence presented at trial established multiple conspiracies – not a single conspiracy. With regard to the

---

[5] The Court also notes that the evidence at trial fully supported a conclusion that the type of cocaine base at issue was indeed crack cocaine. (Crim. Case. No. 5:03cr4: 7/15/2004 Tr. Trans. at 1359, 1362; 7/16/2004 Tr. Trans. at 1637 and 1688; 7/19/2004 Tr. Trans. at 2146-47.)

gun conviction, Petitioner asserts that "this case offers no evidence that defendant Morrison knowingly and intentionally aided, counselled {sic}, commanded, induced, or procured Rodney Williams to use and carry a firearm to possess and distribute cocaine and cocaine base."

As an initial matter, neither of these arguments – insufficient evidence or multiple versus singly conspiracy – support an actual innocence claim. Rather, both are legal arguments. To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. See Bousley v. United States, 523 U.S. 614, 623 (1998). A petitioner must establish that "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." Id. A review of Petitioner's filings and the record itself makes it clear that he does not come close to meeting this burden.

Taken as an insufficiency of the evidence claim, Petitioner's argument fares no better. To the extent his claim is asserted as a straight insufficiency of the evidence claim, it is procedurally defaulted as this claim was not raised on direct appeal. Claims that could have been, but were not, raised on direct review are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). To the extent Petitioner's Motion to Vacate is construed to assert ineffective assistance of counsel as cause to excuse such default, he fails, as set forth below, to establish the requisite deficient performance or prejudice.

Trial testimony was introduced that amply supported each of Petitioner's convictions. For example, Ms. Turner testified that Petitioner along with Williams and others went to New Jersey to purchase cocaine to sell in the Statesville area. (Crim. Case. No. 5:03cr4: 7/9/2004 Tr. Trans. at 441.) She also testified that she had sold Petitioner drugs and that Petitioner was involved in drug dealings with Williams and others. (Crim. Case. No. 5:03cr4: 7/9/2004 Tr.

Trans. at 435-38.) Turner also testified that she had informed the investigating agent that Petitioner and Williams were in the drug business. (Crim. Case. No. 5:03cr4: 7/12/2004 Tr. Trans. at 588.) Mr. White testified that he made several trips to New York with Petitioner and others to purchase drugs to sell in Statesville. (Crim. Case. No. 5:03cr4: 7/16/2004 Tr. Trans. at 1673.) Mr. White also testified that he observed Petitioner and Williams regularly standing in a high drug trade area and observing Williams providing Petitioner with drugs. (Crim. Case. No. 5:03cr4: 7/16/2004 Tr. Trans. at 1686-87, 1688.) Mr. White also testified to witnessing Petitioner in possession of a gun. (Crim. Case. No. 5:03cr4: 7/16/2004 Tr. Trans. at 1687-88.) Mr. Blackmon testified that he and Petitioner sold drugs together and that they shared the same customers and the same supplier. (Crim. Case. No. 5:03cr4: 7/15/2004 Tr. Trans. at 1356-60.) In addition, Mr, Blackmon testified that he had seen Petitioner with guns. (Crim. Case. No. 5:03cr4: 7/15/2004 Tr. Trans. at 1360-61.) Mr. Blackmon also testified that he had observed Williams supplying Petitioner with drugs to sell. (Crim. Case. No. 5:03cr4: 7/15/2004 Tr. Trans. at 1362.) Mr. Blackmon also testified that Petitioner told him that he and Williams went to Andy Garcia's house to rob him of a half key or key of drugs. (Crim. Case. No. 5:03cr4: 7/15/2004 Tr. Trans. at 1368-69.) Andy Garcia testified that he regularly supplied Petitioner and then Petitioner and Williams with cocaine. (Crim. Case. No. 5:03cr4: 7/19/2004 Tr. Trans. at 2146-48.) Garcia also testified that he had witnessed both Petitioner and Williams with guns. (Crim. Case. No. 5:03cr4: 7/19/2004 Tr. Trans. at 2151.) Garcia also testified that on July 25, 2002, Petitioner and Williams robbed him at gunpoint of the cocaine he was going to sell them. (Crim. Case. No. 5:03cr4: 7/19/2004 Tr. Trans. at 2160-73.) The above testimony is more than sufficient to support the jury's decision to convict Petitioner on all three charges. Because ample testimony at trial supported Petitioner's convictions, Petitioner, at a minimum, was not

14

prejudiced by his counsel's failure to raise an insufficiency of the evidence claim on appeal.

Petitioner also argues that the evidence at trial supported a finding of multiple conspiracies rather than a single conspiracy. The question of "[w]hether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." United States v. Strickland, 245 F.3d 368, 385 (4th Cir.2001) (internal quotation marks omitted). "A single conspiracy exists where there is one overall agreement, or one general business venture." United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988) (internal quotation marks & citation omitted). As an initial matter, Petitioner's assertion is too conclusory to support his claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Moreover, the evidence in the instant case demonstrated that the conspirators shared the same objective and goal – distribution of cocaine and cocaine base for profit. They also shared the same methods – transporting drugs from New York and other places to the Statesville, North Carolina area. In addition, members of the conspiracy frequently used their own homes or vehicles to conduct drug-related business. Consequently, Petitioner cannot, at a minimum, establish prejudice with regard to this claim.

Petitioner also alleges that the evidence was insufficient to support a finding that he aided and abetted co-defendant Williams with regard to possession with intent to distribute cocaine and cocaine base. More specifically, Petitioner alleges that no evidence was presented to support a conclusion that he knowingly and intentionally aided co-defendant Williams with regard to this charge.

The trial testimony supported a finding that on July 25, 2002, Petitioner possessed with intent to distribute 500 or more grams of cocaine. Garcia testified that on July 25, 2002, Petitioner and his co-defendant Williams as well as Chinto and Mole, Garcia's cocaine suppliers, were all present at Garcia's apartment. (Crim. Case. No. 5:03cr4: 7/19/2004 Tr. Trans. at 2161.) Garcia then testified that Williams stated that he and Petitioner wanted to purchase another kilogram of cocaine. (Crim. Case. No. 5:03cr4: 7/19/2004 Tr. Trans. at 2164.) When the suppliers bring the drugs into the apartment, Garcia testified that Petitioner pulled a gun and Petitioner and Williams proceeded to grab the drugs and run from the apartment. (Crim. Case. No. 5:03cr4: 7/19/2004 Tr. Trans. at 2170-73.) Such facts are clearly sufficient to support a conviction for possession with intent to distribute more than 500 grams of cocaine. As such Petitioner's counsel was not ineffective for failing to challenge Petitioner's conviction on this basis.

Petitioner also alleges that the evidence was insufficient to establish that he aided and abetted Williams with regard to the § 924(c) charge. The pre-sentence report sets forth that on July 25, 2002, Petitioner possessed a 10 mm handgun which he displayed when robbing several Hispanic males. (Doc. No. 13 at ¶ 31.) At trial, Garcia testified at length regarding the drug robbery on July 25, 2002. In his testimony he unequivocally stated that Petitioner possessed and brandished a gun during the incident. (Crim Case No. 5:03cr4: 7/19/2004, Tr. Trans. at 2168-2172, 2191, 2195.) Such testimony fully supports a § 924(c) conviction. Counsel was not ineffective for failing to challenge Petitioner's § 924(c) conviction on this basis. Nor was Petitioner prejudiced as any such motion would have been denied.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Respondent's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**;

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED**; and

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: September 17, 2010

Richard L. Voorhees
United States District Judge