# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07CV90-1-V
# 5:03CR4-20-V

| | |
|---|---|
| PHILLIP TYRONE MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) (Doc. No. 32), filed September 28, 2010.

On August 3, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) setting forth a number of claims challenging his sentence and conviction. On September 17, 2010, this Court dismissed Petitioner's Motion to Vacate. (Doc. No. 29). On September 28, 2010, Petitioner filed a document asking the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to reconsider the dismissal of his Motion to Vacate. (Doc. No. 32).

A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and

such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In his Motion to Reconsider, Petitioner sets forth that he was unable to adequately argue his claims because he was pro se. Petitioner also argues that because his case had been pending for a number of years this Court should not have denied his June 10, 2010, motion to amend. In addition, Petitioner argues that the Court failed to address a particular issue. These claims concern defects in the collateral review process and are properly raised in a Motion to Reconsider.

However, in addition to asserting these collateral review process claims, Petitioner raises several substantive claims attacking this Court's analysis. In particular, Petitioner asserts that the Court erred in denying his claim that the aiding and abetting statute violates due process. Petitioner also reiterates that counsel was ineffective for failing to obtain fingerprint evidence. Finally, Petitioner asserts that the Court incorrectly determined the number of trips he made to New York.

In United States v. Winestock, 340 F. 3d 200 (4th Cir. 2003), the Fourth Circuit addressed when a motion to reconsider should be treated as a successive collateral review application. In answering this question, the Fourth Circuit stated that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207. Where, as here, the Rule 59(e) Motion to Reconsider contains claims subject to the requirements for successive applications, as well as cognizable claims under Rule 59(e), "the district court should afford the applicant an opportunity

2

to elect between deleting the improper claims or having the entire motion treated as a successive application." Id.

Because Petitioner's Rule 59(e) motion contains both process and substantive claims, this Court, pursuant to Winestock, will afford Petitioner an opportunity to delete the improper claims from his Motion to Reconsider. If Petitioner chooses not to take such action, this Court will construe Petitioner's entire Motion to Reconsider as a successive application.

**IT IS HEREBY ORDERED** that within 15 days of the date of the filing of this Order Petitioner must delete all improper claims from his Motion to Reconsider. If Petitioner fails to take such action, this Court will treat Petitioner's entire Motion to Reconsider as a successive application subject to dismissal for failure to obtain advance leave from the Fourth Circuit Court of Appeals.

Signed: December 17, 2010

Richard L. Voorhees
United States District Judge