IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv90-V
(5:03cr4-20-V)

| | |
|---|---|
| PHILLIP TYRONE MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before this Court on Petitioner's post-judgment Motion for Reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure (Doc. No. 32); and his Motion to Withdraw Improper Claims (Doc. No. 35).

As was noted in the Court's Order dismissing his Motion to Vacate (Doc. No. 29, filed September 17, 2010), on January 30, 2004, Petitioner was named in a Superceding Indictment. (Criminal Case No. 5:03cr4, Doc. No. 283). The Government filed a Third Superseding Bill of Indictment on April 26, 2004, and a Fourth Superceding Bill of Indictment on June 29, 2004. (Criminal Case No. 5:03cr4, Doc. No. 283, 323, 340). The Fourth Superseding Bill of Indictment was the ultimate charging instrument upon which Petitioner, and co-defendants Roderick Williams ("Williams") and Leobardo Martinez ("Martinez"), were tried. Said Indictment charged Petitioner with conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One), with possession with the intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Six), and with using and carrying a

firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of said drug trafficking crime, in violation of 18 U.S.C. §§ 924 (c) (1) and 2. (Count Seven). On June 3, 2004, the Government filed its Second Supplemental Rule 404(b) Notice informing Petitioner that it intended to offer evidence of episodes involving his possession with intent to distribute controlled substances on or about July 14, 1993, and July 17, 1993, as proof of Petitioner's knowledge, intent, or absence of mistake. (Criminal Case No. 5:03cr4, Doc. No. 329). On July 7, 2004, the Government filed an § 851 Notice informing Petitioner of its intent to seek enhanced penalties based upon his two prior felony drug convictions. (Id., Doc. No. 346).

Petitioner's trial also commenced on July 7, 2004. At the close of the Government's case, Petitioner moved to dismiss all of his charges but the Court denied that motion. (Id., Sentencing Transcript filed July 20, 2004 at 2349). On July 22, 2004, the jury returned a verdict of guilty for the three charges for which Petitioner was tried. (Criminal Case No. 5:03cr4, Doc. No. 365). On January 10, 2005, the Court sentenced Petitioner to life imprisonment on the conspiracy and drug convictions under Counts One and Six, and to a consecutive sixty month term of imprisonment on the firearm conviction from Count Seven. (Id., Doc. No. 477). The Court's Judgment was entered on February 3, 2005. (Id.,).

Petitioner timely filed a Notice of Appeal. (Id., Doc. No. 480). On appeal, Petitioner challenged the admissibility of two pieces of evidence under Rule 404(b). Petitioner also argued that the enhancement of his sentence using a prior conviction that was sustained during the course of the conspiracy violated both 21 U.S.C. § 841 and his rights guaranteed by the Double Jeopardy Clause. (Criminal Case No. 5:03cr4, Doc. No. 703). Nevertheless, on July 19, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and sentences. United States v. Martinez, 190 F. App'x 321 (4th Cir. 2006)

2

Case 5:07-cv-00090-RLV   Document 37   Filed 09/30/11   Page 2 of 6

(unpublished).

Next, on August 13, 2007, Petitioner timely filed a Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). Petitioner's Motion alleged that he was subjected to ineffective assistance of counsel for trial counsel's failure to challenge his career offender designation on the ground that his prior North Carolina convictions are invalid, to file a motion to sever his trial from his co-conspirators on the ground that the defendants would present antagonistic defenses, or to challenge the Government's four alleged instances of misconduct. Petitioner also alleged that trial and appellate counsel were ineffective for failing to use certain evidence to establish Petitioner's innocence; and that appellate counsel was ineffective for failing to argue that this Court erred in admitting certain hearsay testimony, to challenge his sentence on the basis of a case from the Ninth Circuit, or to challenge the aiding and abetting statute. Apart from his claims against his former attorneys, Petitioner also argued that he was actually innocent of the offenses for which he was convicted because the Government's evidence was insufficient to establish his guilt to the offenses, or the existence of a single conspiracy. However, the Court considered all of those matters and entered an Order on September 17, 2010, granting Respondent's Motion for Summary Judgment and denying and dismissing all of Petitioner's claims. (Doc. No. 29).

On September 20 and 28, 2010, Petitioner filed Motions for Leave to Amend and Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. Nos. 31 and 32, respectively). On October 27, 2010, the Court denied Petitioner's Motion for Leave to Amend. (Doc. No. 33). On December 17, 2010, the Court entered an Order noting that Petitioner's Rule 59(e) Motion set forth several arguments, only three of which were properly raised in a post-judgment motion. (Doc. No. 34). The Court further determined that because

3

Petitioner's other claims set forth new issues for review, he could not proceed with all of his claims. The Court concluded that Petitioner should be permitted to delete his improper claims in order to proceed with the properly filed allegations. (Id.). Accordingly, the Court directed Petitioner to file a document setting forth his election to proceed on only his properly filed claims. (Id.). To that end, on January 3, 2011, Petitioner filed a Motion to Withdraw his improper claims. (Doc. No. 35).

As the Court previously advised Petitioner, a district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Petitioner's Rule 59(e) motion asserts that because of Petitioner's pro-se status, he was unable to adequately argue his claims. Notably, Petitioner fails to identify the deficiencies that he believes were caused by his pro-se status. Moreover, the Court's Order reflects that it took great effort to construe, when appropriate, Petitioner's arguments as alleging more than one claim, and that it addressed those additional claims. In any event, this allegation neither involves a change in controlling law, sets forth any new evidence, demonstrates a clear error of law nor otherwise reflects a manifest injustice. Similarly, Petitioner's claim that the Court should have granted his pre-judgment Motion to Amend because his case had been pending for more than

4

two years when he filed that Motion also does not satisfy either prong of Rule 59(e)'s test. Indeed, Petitioner's Motion to Amend (Doc. No. 26) was filed more than two years after Respondent's Motion for Summary Judgment (Doc. No. 11) and after the matters were fully ripe for review. Accordingly, these two allegations do not entitle Petitioner to any post-judgment relief.

Last, Petitioner argues that the Court failed to address whether the Third and Fourth Superseding Indictments were the same and to identify the Government's motive for seeking that Fourth Superseding Indictment. In his Motion to Vacate, Petitioner alleged that the Government had filed the subsequent Indictments in order to build a case against him while he was in pre-trial detention and in order to circumvent the Speedy Trial Act; and that counsel was ineffective for failing to challenge those matters. Contrary to Petitioner's claim, however, the Court did not fail to address these matters. Specifically, the Court determined that Petitioner's claim failed because, at a minimum, he could not establish that there would have been a Speedy Trial Act violation in the absence of the Fourth Superseding Indictment.

Moreover, Petitioner's unfitness for pretrial release was not determined by the Government but rather by a neutral detached Magistrate Judge (see 3:02cr34, Doc. No. 89). Consequently, even if the Court should have expressly addressed Petitioner's claim that counsel was deficient for failing to argue that the Government engaged in misconduct by building a case against him while he was confined in pre-trial detention, that fact does not entitle him to any relief. Not only does this claim fail to meet any of the criteria of Rule 59(e), but it also is baseless inasmuch as there simply is no constitutional rule that prohibits the Government from continuing to investigate a defendant after he has been charged with an offense and placed in pre-trial detention.

In addition, the Court's review of the Third and Fourth Superseding Indictments discloses that the latter document, among other changes, omitted an allegation that Petitioner and his co-defendant had both possessed with intent to distribute <u>and</u> distributed quantities of cocaine base in favor of an allegation that they had possessed with intent to distribute quantities of cocaine base.  As such, Petitioner cannot establish that the Fourth Superseding Bill of Indictment was filed for the purpose of allowing the Government to gain some sort of unfair tactical advantage over him.

Ultimately, Petitioner's claims do not establish the existence of an intervening change of law or the existence of newly discovered evidence, nor do they demonstrate a clear error of law or manifest injustice.  Therefore, Petitioner's Rule 59(e) Motion for Reconsideration must be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that**:**

1. Petitioner's Motion to Withdraw his improperly filed successive claims (Doc. No. 35) is **GRANTED**; but

2.  Petitioner's  Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (Doc. No. 32) is **DENIED**.

Signed: September 30, 2011

Richard L. Voorhees
United States District Judge